

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CONOR BRIAN FITZPATRICK,<br><br>Defendant. | Criminal No. 1:23-cr-119<br><br>Honorable T.S. Ellis, III |

## CONSENT ORDER OF FORFEITURE

BASED UPON the plea agreement into which the defendant and the United States have entered, and finding the requisite nexus between the property listed below and the offense to which the defendant has pleaded guilty, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982(a)(2)(B):

   a. A sum of money in the amount $698,714, which represents the proceeds the defendant obtained as a result of the violation in Counts 1 and 2 of the indictment and which sum shall constitute a monetary judgment against the defendant in favor of the United States. This is a sum for which the defendant shall be solely liable. Further, this sum shall be partially offset by the government's net from the forfeiture of the assets listed just below in paragraph 2 of this order, but not from the assets listed in paragraph 3 of this order;

2. The following property is forfeited to the United States 21 U.S.C. § 853(p), as the defendant agrees and the Court finds that the prerequisites of 21 U.S.C. § 853(p)(1) have been met:

   b. All cryptocurrency and fiat currency that was previously transferred to the custody of government account(s) pursuant to warrants to seize (i) one Exodus wallet with recovery seed starting with word "embrace" and ending with word "arrive" and all the cryptocurrency and fiat currency associated with its subwallet; and (ii) one Coinbase wallet with recovery

seed starting with the word "come" and ending with the word "bone" and all the cryptocurrency and fiat currency associated with its subwallets.

3.  The following property is forfeited to the United States pursuant to 18 U.S.C. § 1029(c)(1)(C):

c.  All domain names included in the following table:

| | | | |
|---|---|---|---|
| anonfiles-proxy.com | pastehub.net | intelx.org | breach.cat |
| apinotes.com | path-sucks.com | nathanlarson.org | breached.cat |
| asdfadfasdfasdfsadfsf.com | pounce.net | p0ison.org | skid.cat |
| badhou3a.com | pouncefiles.com | pagodahost.org | breach.co |
| bgpservices.net | pouncefiles.net | path-sucks.org | raidforums.co |
| breachedforums.com | pastehub.to | plain-text.org | pompompur.in |
| databreach.to | raid-forums.com | poncefiles.org | pompur.in |
| breachforum.com | raidforums1.com | prankcalling.org | cyberkittens.one |
| breachforums.net | raidforums2.com | scriptsubmit.org | breach.re |
| compupix.com | raidforums3.com | Skidbin.org | image.yt |
| coreyshiratori.com | raidforums4.com | try-harder-idiot.org | breach.cx |
| corey-shiratori.com | raidforums5.com | abuse.today | breached.cx |
| ddosed.net | scamforums.net | as36231.info | doxing.me |
| djtroia.com | scammerforums.net | breach.market | socials.sh |
| doxagram.com | scotttrentcosta.com | breached.io | breached.mu |
| duhaa.net | scriptsubmit.com | clubhydra.io | breached.is |
| ejaculated.net | scriptsubmit.net | cracke.io | breachbase.pw |
| emusun.net | simswapper.com | wli.design | databases.pw |
| encrypteddisk.net | sitespecs.net | hydramarket.io | breachforu.ms |
| h0rizon.net | skidbin.net | minikloon.info | bf.hn |
| hammercdn.com | skidforums.cc | moneymn.club | ee.hn |
| he0.net | squidproxy.net | og.money | xx.hn |
| hostbunker.net | storagehost.net | opensc.io | bf.sb |
| infomonitor.net | sysnode.net | predator.wtf | f.sb |
| intelx.com | thekilob.com | subnet.info | breached.st |
| lowendhosting.com | torrentseedbox.com | breached.vc | bf.gl |
| luidb.net | uncongested.net | domain king-hack.xyz | vv.gl |
| lxvm.net | unixvps.net | breached.to | servers.lc |
| xboxcommunityforum.com | valid4you.com | breachedforums.to | pagodahost.net |
| nonononononononononononon onononono.com | vucu.net | breachforums.to | ghostforums.org |
| pagodahost.com | breachforums.org | clubhydra.to | cracke.to |

d.  Amazon Basics Hard Drive Enclosure containing hard drive, Serial No. ZFL2ZOF3, seized from defendant's residence on March 15, 2023.

e.  (White) Amazon Tablet, Model SR87CV, seized from defendant's residence on March 15, 2023.

f.  Western Digital Hard Drive, Serial No. WCAMK3260602, seized from defendant's residence on March 15, 2023.

g.  iPhone 7+ - Model A1661, Serial No. FUX34UBHG00, seized from defendant's residence on March 15, 2023.

h.  32 GB SanDisk Ultra Plus (Micro SD), seized from defendant's residence on March 15, 2023.

i.  (Black) iPhone 7+ -Model a1661, IMEI 359472086340034, seized from defendant's residence on March 15, 2023.

j.  8GB SanDisk SD Card, Serial No. B11327622891D, seized from defendant's residence on March 15, 2023.

k.  (Black) Samsung Galaxy J3 Eclipse, IMEI 356351087426430, seized from defendant's residence on March 15, 2023.

l.  (Black) Verizon 4G LTE Jetpack, IMEI 358227057561844, seized from defendant's residence on March 15, 2023.

m.  Western Digital Hard Drive, Serial No. WMA2N, seized from defendant's residence on March 15, 2023.

n.  (Black) Verizon Inseego MiFi, seized from defendant's residence on March 15, 2023.

o.  (Silver/Grey) Panasonic Camera- Model VDR-D100, Serial No. 161A13238, seized from defendant's residence on March 15, 2023.

p.  2GB Scandisk SD Card, Serial No. BE1216721860D, seized from defendant's residence on March 15, 2023.

q. (Silver) Dell Inspiron 5593 Laptop Computer, Serial No. B2W9723, seized from defendant's residence on March 15, 2023.

r. (Black) Amazon Tablet, cracked, seized from defendant's residence on March 15, 2023.

s. Toshiba laptop hard drive labeled 'First lap top hard drive', seized from defendant's residence on March 15, 2023.

t. (Grey) Apple Watch Series 3, seized from defendant's residence on March 15, 2023.

u. (Black) Max One USB Hard Drive, seized from defendant's residence on March 15, 2023.

v. Seagate Hard Drive and associated enclosure, Serial No. ZDEKN468, seized from defendant's residence on March 15, 2023.

w. (Black) Samsung Phone, IMEI 357111201450032, seized from defendant's residence on March 15, 2023.

x. (Silver) iPhone Model A1688, damaged, IMEI 353801083787055, seized from defendant's residence on March 15, 2023.

y. Dell Inspiron 5593 laptop, service tag number B2W9723, seized from defendant's residence on March 15, 2023.

z. Samsung 870 QVO 4TB solid state drive (SN S5VYNJ0T405292K), seized from defendant's residence on March 15, 2023.

4. The United States shall seize all forfeited property and shall take full and exclusive custody and control of same, regardless of whether presently held by the defendant or a third party. The United States is further authorized to conduct any discovery proper in

identifying, locating, or disposing of the forfeited property, pursuant to Fed. R. Crim. P. 32.2(b)(3).

5. This forfeiture order is final as to the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), but preliminary as to third parties who may have a legal interest in a specific property.

6. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property, and shall publish notice of the order in accordance with Fed. R. Crim. P. 32.2(b)(6).

7. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the final publication of notice or receipt of direct written notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of an alleged interest in the property, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c)(1).

8. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall have clear title to the property, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), and shall dispose of the property in accordance with law.

9. As to the monetary judgment set forth in paragraph 1 above, the defendant stipulates and the Court finds that the requirements of 21 U.S.C. § 853(p) have been satisfied and that the government may, by motion filed pursuant to Fed. R. Crim. P. 32.2(e), collect on its monetary judgment by all available means, including but not limited to the forfeiture of directly forfeitable and substitute assets.

10. Upon entry of this order, the United States Attorney's Office is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and the issuance of subpoenas, to identify, locate, or dispose of forfeitable property.

_____
T.S. ELLIS, III
United States District Judge

Alexandria, Virginia

Dated: 7/13/23

The parties stipulate and agree that the aforementioned assets represent property described in 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(C), along with 21 U.S.C. § 853(p) and, as such, are subject to forfeiture thereunder. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, and consents to the entry of this order. The defendant further stipulates that the requirements of 21 U.S.C. § 853(p) have been satisfied. The defendant agrees not to file or interpose any claim to the property listed herein, in whole or in part, in any proceedings or manner whatsoever.

JESSICA D. ABER
UNITED STATES ATTORNEY

SEEN AND AGREED TO:

_____
Lauren Halper
Assistant United States Attorney

_____
CONOR BRIAN FITZPATRICK
Defendant

Aarash A. Haghighat
Senior Counsel
Computer Crime and Intellectual Property Section
U.S. Department of Justice, Criminal Division

_____
Peter Katz
Counsel for Defendant