# SENTENCING

Date: 01/19/2024

Judge: **LEONIE M. BRINKEMA**
Reporter: R. Stonestreet
Time: 11:55 a.m. – 12:39 a.m.
( 00:44 )
Case Number: 1:23-cr-00119-TSE-1

UNITED STATES OF AMERICA

Counsel/Govt: Lauren Halper, Aarash Haghighat

v.

**CONOR BRIAN FITZPATRICK**

Counsel/Deft: Peter Katz

- Court ordered Exhibit B and C of the defendant's sentencing memorandum be made part of the record.

**SENTENCING GUIDELINES:**
Offense Level: 36
Criminal History: I
Imprisonment Range: 120 months: ct. 1
120 months: ct. 2
188 to 235 months: ct. 3
Supervised Release Range: 1 to 3 years: ct. 1
1 to 3 years: ct. 2
5 years to Life: ct. 3
Fine Range: $40,000 to $250,000 as to each count
Restitution $TBD
Special Assessment $300 ($100 on ea. ct.)
JVTA Assessment $5,000
AVAA Assessment $17,000

**JUDGMENT OF THE COURT:**
- BOP for TIME-SERVED on each of cts. 1, 2, and 3, to run concurrently with each other.
- Supervised Release for 3 Years as to cts. 1 and 2 and 20 years as to Ct. 3 to run concurrently with each other, with special conditions and all of the standard conditions of the SR:
- Restitution to be determined at a later date.
- No fines/costs of incarceration/costs of supervision imposed.
- Special Assessment $300 ($100 on ea. ct.)
- Defendant advised he may have the right to appeal.

**SPECIAL CONDITIONS**:

1) The defendant shall serve his first two (2) years of supervised release on HOME ARREST with GPS location monitoring with the following outings and permission given in advance by the probation officer: Therapy sessions, meetings with the probation officer, medical appointments, and religious observances.

2) The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the court, upon the recommendation of the probation officer.

3) The defendant shall provide the probation officer access to any requested financial information.

4) The defendant shall submit to periodic polygraph testing at the discretion of the probation officer to ensure compliance with the requirements of the defendant's supervision and/or treatment program. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

5) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation and sex offender treatment. The costs of these programs are to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

6) The defendant shall not view or possess any "visual depiction" of any "sexually explicit conduct" (as both terms are defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means.

7) The defendant shall not view or possess any "visual depiction" of any "sexually explicit conduct" (as both terms are defined in 18 U.S.C. § 2256) involving a juvenile, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means.

8) The defendant shall not have any intentional contact with any child under the age of 18, except for his brother, Brendan Fitzpatrick, unless accompanied by a responsible adult who is aware of the defendant's conviction and supervision status and who has been approved in advance by the court or probation officer. Intentional contact includes, but is not limited to, physical contact, verbal communication, written communication, and/or electronic communication such as e-mail. Intentional contact also includes going to, congregating and/or loitering within 100 yards around school yards, playgrounds, swimming pools, arcades, zoos, or other places frequented by children under the age of 18. Intentional contact also encompasses any employment that would regularly provide the defendant with access to children under the age of 18, such as working in schools, childcare facilities, amusement parks and playgrounds. Incidental contact with children under the age of 18 includes, but is not limited to, unavoidable interactions in public places such as grocery stores, department stores, restaurants, etc.

9) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

10) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit their person, property, house, residence vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

11) The defendant shall disclose to the probation office all computers as defined in 18 U.S.C. § 1030(e)(1), and similar devices that provide access to the Internet, that the defendant owns, possesses, or uses. The defendant shall not possess or use any computer or similar device, which includes use of computers at work, unless the defendant cooperates with the probation office's computer monitoring program or receives permission from the probation office. The defendant shall permit random, unannounced inspections on any unmonitored computer or similar device under the defendant's control to ensure compliance. The defendant shall not use the Internet to communicate with any individual or group who promotes sexual abuse of children.

12) The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses. The costs of monitoring shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its

installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant seeks to use. The defendant shall submit to a search of all computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media. The defendant shall warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner. To ensure compliance with computer monitoring or supervision conditions, the defendant shall submit any records requested by the probation officer to verify compliance with the defendant's conditions including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

13) The defendant shall, at the direction of the probation officer, notify his employer of: (1) the nature of his/her conviction; and (2) the fact that the defendant's conviction, related conduct, or prior criminal history was facilitated by the use of a computer and/or Internet. The defendant's employment shall be approved in advance by Probation and the Probation Office shall confirm the defendant's compliance with this notification requirement and possible Internet monitoring of his/her computer at employment.

14) The defendant shall not have any access to the internet within the first year of his supervised release. After that year the defendant shall not sell or offer to sell any item on the internet for another person or entity without pre-approval and authorization from the court or probation officer. This includes, but is not limited to, selling items on internet auction sites.

---

**RECOMMENDATIONS to BOP**:

_____  Dft. To be designated to: _____
_____  Dft. designated to facility to participate in ICC (Boot Camp) type program
_____  Dft. to participate in the Residential Drug Abuse Treatment Program (RDAP)
_____  Other:_____

---

Deft: ( X ) Remanded    (   ) Cont'd on Bond to Self-Surrender     (   ) Referred to USPO    (   ) Immediate Deportation