CLOSED

# U.S. District Court
## Eastern District of Virginia – (Alexandria)
## CRIMINAL DOCKET FOR CASE #: <u>1:23–cr–00119–LMB</u>–1

Case title: USA v. Fitzpatrick

Magistrate judge case number:  1:23–mj–00067–JFA

Date Filed: 07/10/2023

Date Terminated: 01/19/2024

Assigned to: District Judge Leonie
M. Brinkema

### <u>Defendant (1)</u>

**Conor Brian Fitzpatrick**
*TERMINATED: 01/19/2024*

represented by **Nina J. Ginsberg**
DiMuroGinsberg, P.C.
1001 N. Fairfax Street
Suite 510
Alexandria, VA 22314
703–684–4333
Fax: 703–548–3181
Email: nginsberg@dimuro.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| <u>Pending Counts</u> | <u>Disposition</u> |
|---|---|
| 18 U.S.C. § 1029(b)(2) and 3559(g)(1) Conspiracy to Commit Access Device Fraud (1) | **Time–Served on each of counts 1, 2 and 3** (concurrent) **20 year total SR Term** 3 years on each of Counts 1 and 2 (concurrent) 20 year on Count 3 (concurrent) w/special conditions and all of the standard conditions; $300 SA ($100 on each count) |
| 18 U.S.C. § 1029(a)(6) and 2 Access Device Fraud – Unauthorized Solicitation (2) | **Time–Served on each of counts 1, 2 and 3** (concurrent) **20 year total SR Term** 3 years on each of Counts 1 and 2 (concurrent) 20 year on Count 3 (concurrent) w/special conditions and all of the standard conditions; $300 SA ($100 on each count) |
| 18 U.S.C. § 2252(a)(4)(B) and (b)(2) Possession of Child Pornography (3) | **Time–Served on each of counts 1, 2 and 3** (concurrent) **20 year total SR Term** 3 years on each of Counts 1 and 2 (concurrent) |

20 year on Count 3 (concurrent) w/special conditions and all of the standard conditions; $300 SA ($100 on each count)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| | **Time–Served on each of counts 1, 2 and 3** (concurrent) |
| | **20 year total SR Term** |
| 18:1029(b)(2) Conspiracy to commit access device fraud | 3 years on each of Counts 1 and 2 (concurrent) 20 year on Count 3 (concurrent) w/special conditions and all of the standard conditions; $300 SA |

---

**Plaintiff**

| **USA** | represented by | **Lauren Pomerantz Halper** |
|---|---|---|
| | | DOJ–USAO |
| | | United States Attorney's Office |
| | | Eastern District of Virginia |
| | | 2100 Jamieson Avenue |
| | | Alexandria, VA 22314 |
| | | 703–299–3700 |
| | | Email: lauren.halper@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: US Attorney* |
| | | |
| | | **Aarash A. Haghighat** |
| | | DOJ–USAO |
| | | United States Attorney's Office |
| | | Eastern District of Virginia |
| | | 2100 Jamieson Avenue |
| | | Alexandria, VA 22314 |
| | | 703–299–3700 |
| | | Email: aarash.haghighat3@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/15/2023 | 1 | | COMPLAINT as to Conor Brian Fitzpatrick (1). (dvanm) [1:23–mj–00067–JFA] (Entered: 03/16/2023) |
| 03/15/2023 | 2 | | AFFIDAVIT by USA as to Conor Brian Fitzpatrick in re 1 Complaint. (dvanm) Modified on 3/24/2023 to unseal document per Order entered (wgar, ). [1:23–mj–00067–JFA] (Entered: 03/16/2023) |
| 03/15/2023 | 4 | | Redacted Criminal Case Cover Sheet (dvanm) [1:23–mj–00067–JFA] (Entered: 03/16/2023) |
| 03/16/2023 | | | Case unsealed as to Conor Brian Fitzpatrick (dvanm) [1:23–mj–00067–JFA] (Entered: 03/16/2023) |
| 03/21/2023 | 7 | | Pretrial Services Bond REPORT (Initial Pretrial Services Bond Report) (SEALED – government and defense counsel) as to Conor Brian Fitzpatrick. (Jankovitz, Nicole) [1:23–mj–00067–JFA] (Entered: 03/21/2023) |
| 03/23/2023 | 8 | | Rule 5(c)(3) Documents Received as to Conor Brian Fitzpatrick. (show) [1:23–mj–00067–JFA] (Entered: 03/23/2023) |
| 03/23/2023 | 9 | | CJA 23 Financial Affidavit by Conor Brian Fitzpatrick. (show) [1:23–mj–00067–JFA] (Entered: 03/23/2023) |
| 03/23/2023 | 10 | | $300,000.00 Unsecured Appearance Bond with conditions Entered as to Conor Brian Fitzpatrick. (show) [1:23–mj–00067–JFA] (Entered: 03/23/2023) |
| 03/23/2023 | | | Arrest of Conor Brian Fitzpatrick in the Southern District of New York. (show) [1:23–mj–00067–JFA] (Entered: 03/23/2023) |
| 03/23/2023 | 11 | | NOTICE OF ATTORNEY APPEARANCE: Nina J. Ginsberg appearing for Conor Brian Fitzpatrick (Ginsberg, Nina) [1:23–mj–00067–JFA] (Entered: 03/23/2023) |
| 03/23/2023 | 12 | | Motion to appear Pro Hac Vice by Peter Neil Katz and Certification of Local Counsel Nina J. Ginsberg (Filing fee $ 75 receipt number AVAEDC–8858651.) by Conor Brian Fitzpatrick. (Ginsberg, Nina) [1:23–mj–00067–JFA] (Entered: 03/23/2023) |
| 03/23/2023 | 13 | | ORDER granting 12 Motion for Pro hac vice as to Conor Brian Fitzpatrick (1). Signed by Magistrate Judge William E. Fitzpatrick on 3/23/2023. (swil) [1:23–mj–00067–JFA] (Entered: 03/24/2023) |
| 03/23/2023 | 14 | | MOTION to Unseal Affidavit in Support of a Criminal Complaint by USA as to Conor Brian Fitzpatrick. (wgar, ) [1:23–mj–00067–JFA] (Entered: 03/24/2023) |
| 03/23/2023 | 15 | | ORDER granting 14 Motion to Unseal Affidavit in Support of a Criminal Complaint 2 as to Conor Brian Fitzpatrick (1). Signed by Magistrate Judge William E. Fitzpatrick on 3/23/2023. (wgar, ) [1:23–mj–00067–JFA] (Entered: 03/24/2023) |
| 03/24/2023 | 16 | | Minute Entry for proceedings held before Magistrate Judge William E. Fitzpatrick: USA appeared through Carina Cuellar. Deft appeared w/counsel Nina Ginsberg and PHV atty Peter Katz. Initial Appearance as to Conor Brian Fitzpatrick held on 3/24/2023. Deft informed of rights, charges and penalties. PH waived; PC found. Counsel for the parties and the defendant were orally |

| | | |
|---|---|---|
| | | advised of the disclosure obligations set forth in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Deft already placed on Bond conditions from Southern District of New York. Judge Fitzpatrick adds the following conditions on request of USA: Deft may not access VPN software from his home or anywhere else; all other previously imposed conditions remain the same at this time. (Tape #FTR.)(tfitz, ) [1:23–mj–00067–JFA] (Entered: 03/27/2023) |
| 03/24/2023 | 17 | ORDER – This matter comes before the Court on its own initiative. Pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), the Court ORDERS the United States to adhere to the disclosure obligations set forth in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady v. Maryland instructs that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. 373 U.S. at 87. Failure to adhere to this requirement may result in serious consequences, up to and including vacating a conviction or disciplinary action against the prosecution. Having given counsel the oral admonition required by the Due Process Protections Act, this Order serves as the reminder of prosecutorial obligation and duties in accordance with Rule 5(f) and the Eastern District of Virginia Standing Order concerning the same as to Conor Brian Fitzpatrick. Signed by Magistrate Judge William E. Fitzpatrick on 3/24/23. (tfitz, ) [1:23–mj–00067–JFA] (Entered: 03/27/2023) |
| 03/24/2023 | 18 | WAIVER of Preliminary Hearing by Conor Brian Fitzpatrick (tfitz, ) [1:23–mj–00067–JFA] (Entered: 03/27/2023) |
| 03/27/2023 | 19 | Under Seal Motion. (Attachments: # 1 Attachment A (jlan) [1:23–mj–00067–JFA] (Entered: 03/27/2023) |
| 03/27/2023 | 20 | Under Seal Order. Signed by Magistrate Judge Ivan D. Davis on 03/27/2023. (jlan) [1:23–mj–00067–JFA] (Entered: 03/27/2023) |
| 03/27/2023 | 21 | Redacted version of 2 Affidavit. (jlan) [1:23–mj–00067–JFA] (Entered: 03/27/2023) |
| 03/27/2023 | 22 | MOTION for Extension of Time to Indict by USA as to Conor Brian Fitzpatrick. (Attachments: # 1 Proposed Order)(dvanm, ) [1:23–mj–00067–JFA] (Entered: 03/27/2023) |
| 03/27/2023 | 23 | ORDERED that the time period for indicting the defendant be and is hereby extended up to and including May 15, 2023. Accordingly, the delay resulting from the pending motion for extension shall be excluded in computing the time within which an indictment must be filed. Signed by District Judge Leonie M. Brinkema on 03/27/2023. (dvanm) [1:23–mj–00067–JFA] (Entered: 03/27/2023) |
| 03/28/2023 | 24 | ORDER as to Conor Brian Fitzpatrick. THIS CAUSE came on March 24, 2023, for an initial hearing before the undersigned Magistrate Judge. At the hearing on March 24, 2023, defendant appeared with counsel, N. Ginsberg, Esquire, and Peter Katz, Esquire, the United States was represented by C. Cuellar, Esquire. The defendant was informed of his rights, the nature of the charges, and after consulting with counsel executed a waiver of a preliminary hearing. The defendant was previously released on conditions of bond in the Southern District of New York, wherefore, It is hereby ORDERED that for the reasons stated on |

| | | |
|---|---|---|
| | | the record the defendant CONNOR FITZPATRICK is continued on the same terms and conditions previously imposed with the additional condition defendant may not access VPN software from any location. (see DE# 10 for complete bond conditions) Signed by Magistrate Judge William E. Fitzpatrick on 3/28/23. (tfitz, ) Modified to edit text on 3/28/2023 (tfitz, ). [1:23−mj−00067−JFA] (Entered: 03/28/2023) |
| 04/14/2023 | 25 | Consent MOTION for Protective Order by USA as to Conor Brian Fitzpatrick. (Attachments: # 1 Proposed Order)(Cuellar, Carina) [1:23−mj−00067−JFA] (Entered: 04/14/2023) |
| 04/14/2023 | 26 | Consent MOTION Alternative Victim Notification by USA as to Conor Brian Fitzpatrick. (Attachments: # 1 Proposed Order)(Cuellar, Carina) [1:23−mj−00067−JFA] (Entered: 04/14/2023) |
| 04/14/2023 | 27 | ORDER granting 26 Consent Motion Alternative Victim Notification as to Conor Brian Fitzpatrick (1) (see Order for details). Signed by Magistrate Judge John F. Anderson on 4/14/2023. (swil) [1:23−mj−00067−JFA] (Entered: 04/14/2023) |
| 04/14/2023 | 28 | Protective Order as to Conor Brian Fitzpatrick in re 25 MOTION for Protective Order. Signed by Magistrate Judge John F. Anderson on 04/14/2023. (wgar, ) [1:23−mj−00067−JFA] (Entered: 04/14/2023) |
| 04/27/2023 | 29 | Motion to Seal by USA as to Conor Brian Fitzpatrick. (Attachments: # 1 Proposed Order)(dvanm) Modified to correct text on 4/28/2023 (dvanm). [1:23−mj−00067−JFA] (Entered: 04/28/2023) |
| 04/27/2023 | 30 | Sealed Motion by USA. (Attachments: # 1 Proposed Order)(dvanm) [1:23−mj−00067−JFA] (Entered: 04/28/2023) |
| 04/27/2023 | 31 | ORDER granting 29 Motion to Seal. Signed by District Judge Leonie M. Brinkema on 04/27/2023. (dvanm) [1:23−mj−00067−JFA] (Entered: 04/28/2023) |
| 04/27/2023 | 32 | Sealed Order in re (Dkt. 30) Sealed Motion. Signed by District Judge Leonie M. Brinkema on 04/27/2023. (dvanm) [1:23−mj−00067−JFA] (Entered: 04/28/2023) |
| 06/05/2023 | 33 | NOTICE OF ATTORNEY APPEARANCE Lauren Pomerantz Halper appearing for USA. (Halper, Lauren) [1:23−mj−00067−JFA] (Entered: 06/05/2023) |
| 07/11/2023 | | Reset Hearings as to Conor Brian Fitzpatrick: **Pre−Indictment Plea Hearing set for 7/13/2023 at 04:30 PM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. (tran) (Entered: 07/11/2023) |
| 07/11/2023 | 35 | NOTICE OF ATTORNEY APPEARANCE Aarash A. Haghighat appearing for USA. (Haghighat, Aarash) (Entered: 07/11/2023) |
| 07/13/2023 | 36 | WAIVER OF INDICTMENT by Conor Brian Fitzpatrick. (tran) (Entered: 07/13/2023) |
| 07/13/2023 | 37 | CRIMINAL INFORMATION as to Conor Brian Fitzpatrick (1) count(s) 1, 2, 3. (tran) (Entered: 07/13/2023) |
| 07/13/2023 | 38 | |

| | | | |
|---|---|---|---|
| | | | Minute Entry for proceedings held before District Judge T. S. Ellis, III: Plea Agreement Hearing as to Conor Brian Fitzpatrick held on 7/13/2023. USA appeared through Aarash Haghighat and Lauren Halper. Defendant appeared with counsels, Peter Katz and Nina Ginsberg. Defendant waived right to indictment, was informed of penalties and rights, and pled guilty of counts 1, 2, and 3 of the criminal information. Plea accepted. Defendant referred to PO for preparation of a PSR and **Sentencing set for 11/17/2023 at 09:00 AM** in Alexandria Courtroom 900 before District Judge T. S. Ellis III. Deft cont'd on $300,000.00 PR Bond with conditions previously imposed on 03/23/2023, (See Dkt. <u>10</u> and on 03/24/23 (See Dkt. <u>16</u> with the following additional conditions added: The defendant shall not access a computer and/or the internet unless a computer monitoring program has been installed by the pretrial services office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the pretrial services officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The cost of the monitoring will be paid by the defendant. No contact with minors under the age of 18 (with the exception of the defendant's sibling) unless supervised by an adult who is aware of the defendant's offense, at the discretion of the probation officer. The defendant shall not access any websites or accounts focused on breached, leaked or stolen data, computer hackling, security research, malware, computer programming, domains, cybercrime, online obfuscation, or computer networking, without prior approval of probation. The defendant shall not use any tools for obfuscating his identity, such as virtual private networks (VPNs), the onion router (Tor), or proxies. The defendant shall not create, register, or rent any new websites, domains, servers, or computer infrastructure associated with the operation of websites. Court further included at the discretion of the probation officer, defendant maintain or actively seek employment and/or enroll in an educational/vocational program. Court Reporter: R. Stonestreet (tran) (Entered: 07/13/2023) |
| 07/13/2023 | <u>39</u> | | Redacted Criminal Case Cover Sheet. (tran) (Entered: 07/13/2023) |
| 07/13/2023 | <u>40</u> | | PLEA AGREEMENT as to Conor Brian Fitzpatrick. (tran) (Entered: 07/13/2023) |
| 07/13/2023 | <u>41</u> | | Statement of Facts as to Conor Brian Fitzpatrick. (tran) (Entered: 07/13/2023) |
| 07/13/2023 | <u>42</u> | | Consent ORDER OF FORFEITURE as to Conor Brian Fitzpatrick. Signed by District Judge T. S. Ellis, III on 07/13/2023. (tran) (Entered: 07/13/2023) |
| 07/13/2023 | <u>43</u> | | Appearance Bond Entered as to Conor Brian Fitzpatrick in amount of $ 300,000.00 PR Bond. (tran) (Entered: 07/13/2023) |
| 07/13/2023 | <u>44</u> | | ORDER Setting Conditions of Release as to Conor Brian Fitzpatrick (1) 300,000.00 PR Bond. Signed by District Judge T. S. Ellis, III on 07/13/2023. |

| | | | |
|---|---|---|---|
| | | | (tran) (Entered: 07/13/2023) |
| 08/18/2023 | 46 | | MOTION to Modify Conditions of Release *(Unopposed)* by Conor Brian Fitzpatrick. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 08/18/2023) |
| 08/18/2023 | 47 | | ORDERED that: Mr. Fitzpatrick may travel from New York to the Eastern District of Pennsylvania on August 22, 2023 so that he may be evaluated by Dr. Jill Belchic. All other conditions of release remain in effect. Signed by District Judge T. S. Ellis, III on 8/18/2023. (tran) (Entered: 08/21/2023) |
| 10/13/2023 | 48 | | PRESENTENCE INVESTIGATION REPORT (Disclosed Presentence Investigation Report) (SEALED – government and defense counsel) as to Conor Brian Fitzpatrick. Objections to PSI due 10/30/2023.ATTENTION: The enclosed Presentence Report (PSR) contains sensitive and private information. If a defendant is detained pending sentencing, the defendant's attorney should meet with the defendant in person to review the PSR absent extraordinary circumstances. Defense Counsel should consider, on a case–by–case basis, whether retention of the PSR by Defense Counsel will further the goal of confidentiality of the PSR and protect the Defendant and others from the dissemination of its contents. (lazaroff, nadja) (Entered: 10/13/2023) |
| 10/13/2023 | 49 | | MOTION to Continue *Sentencing (Unopposed)* by Conor Brian Fitzpatrick. (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 10/13/2023) |
| 10/13/2023 | 50 | | Memorandum in Support by Conor Brian Fitzpatrick re 49 MOTION to Continue *Sentencing (Unopposed)* (Ginsberg, Nina) (Entered: 10/13/2023) |
| 10/19/2023 | 51 | | ORDERED that Sentencing in the above–referenced matter shall be continued from November 17, 2023 to January 19, 2024 at 2:00 p.m. Signed by District Judge T. S. Ellis, III on 10/19/2023. (tran) (Entered: 10/19/2023) |
| 10/19/2023 | | | Reset Hearings as to Conor Brian Fitzpatrick: **Sentencing reset for 1/19/2024 at 02:00 PM** in Alexandria Courtroom 900 before District Judge T. S. Ellis. (tran) (Entered: 10/19/2023) |
| 10/30/2023 | 52 | | Consent MOTION for Extension *of Time to file PSR objections* by USA as to Conor Brian Fitzpatrick. (Attachments: # 1 Proposed Order)(Halper, Lauren) (Entered: 10/30/2023) |
| 10/30/2023 | 53 | | **ORDERED** that the United States' motion 52 is **GRANTED**. It is further **ORDERED** that the parties' objections to the PSR shall be submitted on or before **December 29, 2023**. Signed by District Judge T. S. Ellis, III on 10/30/2023. (tran) (Entered: 10/30/2023) |
| 12/21/2023 | 54 | | Petition on Order on Violation of Pretrial Release as to Conor Brian Fitzpatrick. Signed by District Judge T. S. Ellis, III on 12/21/2023. (tran) (Entered: 12/21/2023) |
| 12/21/2023 | 56 | | Arrest Warrant Issued by District Judge T. S. Ellis, III in case as to Conor Brian Fitzpatrick. (tran) (Entered: 12/21/2023) |
| 01/03/2024 | 57 | | Minute Entry for proceedings held before Magistrate Judge William E. Fitzpatrick: Initial Appearance re Revocation of Pretrial Violation as to Conor Brian Fitzpatrick set for 1/3/2024–not held. USA appeared through Lauren Halper. Deft's counsel Nina Ginsberg unable to be present. Initial Appearance |

| | | | |
|---|---|---|---|
| | | | on Revocation Proceedings reset for 1/5/2024 at 10:00 AM in Alexandria Courtroom 500 before Magistrate Judge William E. Fitzpatrick. Deft remanded to USMS custody.(Tape #FTR.)(tfitz, ) (Entered: 01/04/2024) |
| 01/03/2024 | 58 | | Temporary Detention Order as to Conor Brian Fitzpatrick. Signed by Magistrate Judge William E. Fitzpatrick on 1/5/24. (tfitz, ) (Entered: 01/04/2024) |
| 01/03/2024 | 60 | | Arrest Warrant Returned Executed on 1/2/2024 in case as to Conor Brian Fitzpatrick. (swil) (Entered: 01/05/2024) |
| 01/04/2024 | 59 | | Sealed Document (swil) (Entered: 01/04/2024) |
| 01/05/2024 | 61 | | Minute Entry for proceedings held before Magistrate Judge William E. Fitzpatrick: USA appeared through Lauren Halper. Deft appeared in custody w/counsel Peter Katz.Initial Appearance re Revocation of Pretrial Violation as to Conor Brian Fitzpatrick held on 1/5/2024. Copy of Petition on Violation received and reviewed by defts counsel. USA seeks detention; Deft does not contest detention at this time. Pretrial violations to be addressed on the same day as Sentencing before the district judge. Pretrial Violation/Bond Revocation Hearing set for 1/19/2024 at 02:00 PM in Alexandria Courtroom 900 before District Judge T. S. Ellis III. Deft remanded. (Tape #FTR.)(tfitz, ) (Entered: 01/05/2024) |
| 01/05/2024 | 62 | | ORDER REGARDING INITIAL APPEARANCE AND ORDER OF DETENTION BASED ON ALLEGED VIOLATIONS OF CONDITIONS OF PRETRIAL RELEASE: The defendant, Conor Fitzpatrick, having been arrested based on a petition alleging violations of certain conditions of his pretrial release imposed by the Honorable T.S. Ellis, III, Senior United States District Judge for the Eastern District of Virginia, was brought before the undersigned magistrate judge on January 3, 2024 for an initial appearance. At this hearing, the defendant appeared without counsel, and was advised of the alleged violations. The undersigned entered a temporary order of detention and the matter was continued until January 5, 2024 in order for counsel to be present. On January 5, 2024, the defendant appeared with counsel. At the hearing, counsel acknowledged receiving a copy of the petition setting forth the alleged violations. The government requested the defendant be detained pending a hearing on the alleged violation before the District Judge and the defense consented to an order of detention pending the hearing. Wherefore, it is hereby, ORDERED that for the reasons stated on the record the defendant is remanded to the custody of the United States Marshall pending the disposition of the alleged violation of his conditions of pretrial release; it is further ORDERED that the defendant shall appear before the Honorable T.S. Ellis, III, Senior United States District Judge, at 2:00 p.m. on January 19, 2024 for sentencing and for further proceedings related to the alleged violations of the conditions of his release. Signed by Magistrate Judge William E. Fitzpatrick on 1/5/23. (tfitz, ) (Entered: 01/08/2024) |
| 01/08/2024 | 63 | | PRESENTENCE INVESTIGATION REPORT (Sentencing Presentence Investigation Report) (SEALED – government and defense counsel) as to Conor Brian Fitzpatrick. ATTENTION: The enclosed Presentence Report (PSR) contains sensitive and private information. If a defendant is detained pending sentencing, the defendant's attorney should meet with the defendant in person to review the PSR absent extraordinary circumstances. Defense Counsel should consider, on a case−by−case basis, whether retention of the PSR by Defense |

| | | |
|---|---|---|
| | | Counsel will further the goal of confidentiality of the PSR and protect the Defendant and others from the dissemination of its contents. (Attachments: # 1 Letter DF–178)(lazaroff, nadja) (Entered: 01/08/2024) |
| 01/09/2024 | | Set Hearings as to Conor Brian Fitzpatrick: **JUDGE, TIME & COURTROOM CHANGE**: **Sentencing and Bond Revocation set for 1/19/2024 at 08:30 AM** in Alexandria Courtroom 900 before District Judge Leonie M. Brinkema. (tran) (Entered: 01/09/2024) |
| 01/10/2024 | | Case as to Conor Brian Fitzpatrick Reassigned to District Judge Leonie M. Brinkema. District Judge T. S. Ellis, III no longer assigned to the case. (jlan) (Entered: 01/10/2024) |
| 01/16/2024 | 65 | Position on Sentencing by USA as to Conor Brian Fitzpatrick (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Halper, Lauren) (Entered: 01/16/2024) |
| 01/16/2024 | 66 | MOTION to Seal *Exhibits A, B, and C of the Position on Sentencing* by USA as to Conor Brian Fitzpatrick. (Attachments: # 1 Proposed Order)(Halper, Lauren) (Entered: 01/16/2024) |
| 01/16/2024 | 67 | MOTION to Seal *Defendant's Memorandum in Aid of Sentencing and Exhibits* by Conor Brian Fitzpatrick. (Ginsberg, Nina) (Entered: 01/16/2024) |
| 01/16/2024 | 68 | Memorandum in Support by Conor Brian Fitzpatrick re 67 MOTION to Seal *Defendant's Memorandum in Aid of Sentencing and Exhibits* (Attachments: # 1 Proposed Order)(Ginsberg, Nina) (Entered: 01/16/2024) |
| 01/16/2024 | 69 | SENTENCING MEMORANDUM by Conor Brian Fitzpatrick (Attachments: # 1 Exhibit A – FILED UNDER SEAL, # 2 Exhibit B – FILED UNDER SEAL, # 3 Exhibit C – FILED UNDER SEAL, # 4 Exhibit D – FILED UNDER SEAL)(Ginsberg, Nina) (Entered: 01/16/2024) |
| 01/17/2024 | 70 | ORDER granting 66 MOTION to Seal *Exhibits A, B, and C of the Position on Sentencing* as to Conor Brian Fitzpatrick (1). ORDERED that Exhibits A, B, and C of the Position of the United States with Respect to Sentencing shall be maintained under seal and will remain under seal until further order of the Court. Signed by District Judge Leonie M. Brinkema on 1/17/2024. (Dest) (Entered: 01/17/2024) |
| 01/17/2024 | 71 | ORDER granting 67 MOTION to Seal *Defendant's Memorandum in Aid of Sentencing and Exhibits* as to Conor Brian Fitzpatrick (1). ORDERED that Defendant's Memorandum in Aid of Sentencing and Exhibits be filed under seal and remain under seal until further order of this Court. Signed by District Judge Leonie M. Brinkema on 1/17/2024. (Dest) (Entered: 01/17/2024) |
| 01/17/2024 | 76 | Under Seal Exhibits *A, B, and C* of the Position on Sentencing in re 65 Position on Sentencing, filed by USA (Attachments: # 1 Exhibit B, # 2 Exhibit C) (Dest) (Entered: 01/19/2024) |
| 01/19/2024 | 72 | Minute Entry for proceedings held before District Judge Leonie M. Brinkema: Sentencing held on 1/19/2024 for Conor Brian Fitzpatrick (1). USA appeared through Lauren Halper and Aarash Haghighat. Defendant appeared with counsel, Peter Katz. Court ordered Exhibit B and C of the defendant's sentencing memorandum be |

made part of the record. Court sentences defendant to:
**Time–Served on each of counts 1, 2 and 3** (concurrent)
**20 year total SR Term**
3 years on each of Counts 1 and 2 (concurrent)
20 year on Count 3 (concurrent) w/special conditions and all of the standard conditions;
<u>Special Conditions</u>:
1)The defendant shall serve his first two (2) years of supervised release on HOME ARREST with GPS location monitoring with the following outings and permission given in advance by the probation officer: Therapy sessions, meetings with the probation officer, medical appointments, and religious observances.
2)The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, to the outstanding court–ordered financial obligation, or in a lesser amount to be determined by the court, upon the recommendation of the probation officer.
3)The defendant shall provide the probation officer access to any requested financial information.
4)The defendant shall submit to periodic polygraph testing at the discretion of the probation officer to ensure compliance with the requirements of the defendant's supervision and/or treatment program. The costs of the testing are to be paid by the defendant, as directed by the probation officer.
5)The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation and sex offender treatment. The costs of these programs are to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.
6)The defendant shall not view or possess any "visual depiction" of any "sexually explicit conduct" (as both terms are defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer–generated image or picture, whether made or produced by electronic, mechanical, or other means.
7)The defendant shall not view or possess any "visual depiction" of any "sexually explicit conduct" (as both terms are defined in 18 U.S.C. § 2256) involving a juvenile, including any photograph, film, video, picture, or computer or computer–generated image or picture, whether made or produced by electronic, mechanical, or other means.
8)The defendant shall not have any intentional contact with any child under the age of 18, except for his brother, Brendan Fitzpatrick, unless accompanied by a responsible adult who is aware of the defendant's conviction and supervision status and who has been approved in advance by the court or probation officer. Intentional contact includes, but is not limited to, physical contact, verbal communication, written communication, and/or electronic communication such as e–mail. Intentional contact also includes going to, congregating and/or loitering within 100 yards around school yards, playgrounds, swimming pools, arcades, zoos, or other places frequented by children under the age of 18. Intentional contact also encompasses any employment that would regularly provide the defendant with access to children under the age of 18, such as

working in schools, childcare facilities, amusement parks and playgrounds. Incidental contact with children under the age of 18 includes, but is not limited to, unavoidable interactions in public places such as grocery stores, department stores, restaurants, etc.

9)Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

10)Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit their person, property, house, residence vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

11)The defendant shall disclose to the probation office all computers as defined in 18 U.S.C. § 1030(e)(1), and similar devices that provide access to the Internet, that the defendant owns, possesses, or uses. The defendant shall not possess or use any computer or similar device, which includes use of computers at work, unless the defendant cooperates with the probation office's computer monitoring program or receives permission from the probation office. The defendant shall permit random, unannounced inspections on any unmonitored computer or similar device under the defendant's control to ensure compliance. The defendant shall not use the Internet to communicate with any individual or group who promotes sexual abuse of children.

12)The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses. The costs of monitoring shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant seeks to use. The defendant shall submit to a search of all computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media. The defendant shall warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device

| | | |
|---|---|---|
| | | contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner. To ensure compliance with computer monitoring or supervision conditions, the defendant shall submit any records requested by the probation officer to verify compliance with the defendant's conditions including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.<br>13)The defendant shall, at the direction of the probation officer, notify his employer of: (1) the nature of his/her conviction; and (2) the fact that the defendant's conviction, related conduct, or prior criminal history was facilitated by the use of a computer and/or Internet. The defendant's employment shall be approved in advance by Probation and the Probation Office shall confirm the defendant's compliance with this notification requirement and possible Internet monitoring of his/her computer at employment.<br>14)The defendant shall not have any access to the internet within the first year of his supervised release. After that year the defendant shall not sell or offer to sell any item on the internet for another person or entity without pre–approval and authorization from the court or probation officer. This includes, but is not limited to, selling items on internet auction sites.<br>Restitution to be determined at a later date. No fines/costs of incarceration/costs of supervision imposed. $300 SA ($100 on ea. ct.). Defendant advised he may have the right to appeal.<br>Defendant remanded.<br>Court Reporter: R. Stonestreet<br>(tran) (Main Document 72 replaced on 1/19/2024) (tran, ). (Entered: 01/19/2024) |
| 01/19/2024 | 73 | JUDGMENT as to Conor Brian Fitzpatrick (1):<br>**Time–Served on each of counts 1, 2 and 3** (concurrent)<br>**20 year total SR Term**<br>3 years on each of Counts 1 and 2 (concurrent)<br>20 year on Count 3 (concurrent) w/special conditions and all of the standard conditions; $300 SA ($100 on each count). Signed by District Judge Leonie M. Brinkema on 1/19/2024. (tran) (Entered: 01/19/2024) |
| 01/19/2024 | 74 | Sealed Statement of Reasons as to Conor Brian Fitzpatrick. (tran) (Entered: 01/19/2024) |
| 01/19/2024 | 75 | Confidential Information Page re: Judgment as to Conor Brian Fitzpatrick. (tran) (Entered: 01/19/2024) |
| 02/05/2024 | 77 | TRANSCRIPT of Proceedings held on January 19, 2024, before Judge Leonie M. Brinkema. Court reporter/transcriber Rebecca Stonestreet, Telephone number 240–426–7767. **NOTICE RE REDACTION OF TRANSCRIPTS:The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov Transcript may be viewed at the court public terminal or purchased through the court reporter/transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER Redaction Request due 3/6/2024. Redacted Transcript Deadline set for 4/8/2024. Release of Transcript Restriction set for 5/6/2024.(stonestreet, rachel) (Entered: 02/05/2024)** |

| 02/15/2024 | 78 | | Probation Jurisdiction Transferred to Southern District of New York as to Conor Brian Fitzpatrick Transmitted Transfer of Jurisdiction form, with copies of information, judgment and docket sheet. (jlan) (Entered: 02/15/2024) |
|---|---|---|---|

Prob 22 (Rev. 2/88) VAE (Rev. 1/24)

| TRANSFER OF JURISDICTION | DOCKET NUMBER *(Tran. Court)*<br>1:23CR119-1 |
| --- | --- |
| | DOCKET NUMBER *(Rec. Court)*<br>7:24-cr-00083(PMH) |

| NAME AND ADDRESS OF<br>PROBATIONER/SUPERVISED RELEASEE:<br><br>Conor Brian Fitzpatrick | DISTRICT<br><br>Eastern District of Virginia | DIVISION<br><br>Alexandria |
| --- | --- | --- |

| | NAME OF SENTENCING JUDGE<br>The Honorable Leonie M. Brinkema | | |
| --- | --- | --- | --- |
| | DATES OF PROBATION<br>/SUPERVISED RELEASE: | FROM<br>1/19/24 | TO<br>1/8/44 |

**OFFENSE:**
Conspiracy to Commit Access Device Fraud, Solicitation for the Purpose of Offering Access Devices, and Possession of Child Pornography

**JUSTIFICATION/REASON FOR TRANSFER** (e.g., prosocial ties, employment/education opportunities, violation of supervision):

## PART 1 - ORDER TRANSFERRING JURISDICTION

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the SOUTHERN DISTRICT OF NEW YORK upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| 2/12/24 | /s/ |
| --- | --- |
| *Date* | Leonie M. Brinkema<br>United States District Judge |

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**
    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 2/14/2024 | |
| --- | --- |
| *Effective Date* | *United States District Judge* , Hon. Philip M. Halpern |

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



UNITED STATES OF AMERICA

v.

CONOR BRIAN FITZPATRICK,

a/k/a "Pompompurin"

Defendant.

Criminal No. 1:23-cr-119

Honorable T.S. Ellis, III

### **INFORMATION**

### **COUNT ONE**

(Conspiracy to Commit Access Device Fraud)

THE UNITED STATES ATTORNEY CHARGES THAT:

1.      From at least in or around March 2022, through on or about March 15, 2023, in the Eastern District of Virginia and elsewhere, the defendant CONOR BRIAN FITZPATRICK (a/k/a "Pompompurin"), did knowingly and with the intent to defraud, combine, conspire, confederate and agree with other members of the website known as BreachForums, including BreachForums moderators and vendors, to commit and aid and abet the commission of the following offenses:

   a.   To knowingly and with intent to defraud, traffic in and use one or more
        unauthorized access devices during a one-year period, to wit payment card data,
        bank routing and account numbers, social security numbers, and login credentials,
        including usernames and associated passwords intended to be used to access
        certain online accounts provided by account issuers and other entities in the

1

United States, and by such conduct obtain things of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of 18, United States Code, Sections 1029(a)(2) and 2; and

b. Without the authorization of the issuers of access devices, to knowingly and with the intent to defraud, solicit a person for the purpose of selling unauthorized access devices, to wit payment card data, bank routing and account numbers, social security numbers, and login credentials, including usernames and associated passwords, intended to be used to access online accounts provided by account issuers and other entities in the United States, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(6) and 2.

2. It was further part of the conspiracy that the defendant and his co-conspirators knowingly falsely registered domain names, including breached.vc, breached.to, breachedforums.com, breachforums.net, and breachforums.org, and knowingly used these domain names in the course of committing the offense charged in Count 1, in violation of 18 U.S.C. § 3559(g)(1).

(All in violation of Title 18, United States Code, Sections 1029(b)(2) and 3559(g)(1)).

2

## COUNT TWO

(Access Device Fraud – Unauthorized Solicitation)

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

From on or about June 28, 2022, through on or about July 6, 2022, in the Eastern District of Virginia and elsewhere, the defendant CONOR BRIAN FITZPATRICK (a/k/a "Pompompurin"), knowingly and with the intent to defraud, did aid and abet the solicitation of a person for the purposes of offering unauthorized access devices, as defined by 18 U.S.C. § 1029(e)(1) and (e)(3), to wit, bank account and routing numbers and social security numbers, said solicitation affecting interstate and foreign commerce, in that the solicitation occurred via the Internet, and between computers located inside the Commonwealth of Virginia, and computers located outside of the Commonwealth of Virginia.

(In violation of Title 18, United States Code, Sections 1029(a)(6) and 2).

3

## COUNT THREE

(Possession of Child Pornography)

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

On or about March 15, 2023, in the Southern District of New York, the defendant, CONOR BRIAN FITZPATRICK (a/k/a "Pompompurin"), did knowingly possess and attempt to possess at least one matter containing one or more visual depictions that had been transported using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which visual depictions were produced using materials which had been mailed and so shipped and transported, by any means including by computer; and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct, to wit: videos depicting prepubescent minors and minors who had not attained 12 years of age engaging in sexually explicit conduct, stored on a Dell Inspiron 5593 laptop computer (service tag number B2W9723) with a Samsung 870 QVO 4TB solid state drive (SN S5VYNJ0T405292K).

(In violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2)).

4

## FORFEITURE NOTICE

THE DEFENDANT IS HEREBY NOTIFIED THAT:

Upon conviction of the offenses alleged in this Information, the defendant, CONOR BRIAN FITZPATRICK, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation; and pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offenses. The assets subject to forfeiture include, but are not limited to, the following:

a. A money judgment in the amount of not less than $698,714, representing the gross proceeds the defendant and co-conspirators obtained as a result of the violations described in Counts 1 and 2 of this Criminal Information.

b. All cryptocurrency and fiat currency that was previously transferred to the custody of government account(s) pursuant to warrants to seize (i) one Exodus wallet with recovery seed starting with word "embrace" and ending with word "arrive" and all the cryptocurrency and fiat currency associated with its subwallet; and (ii) one Coinbase wallet with recovery seed starting with the word "come" and ending with the word "bone" and all the cryptocurrency and fiat currency associated with its subwallets.

c. The following domain names representing the gross proceeds and instrumentalities of the offenses charged in the Criminal Information:

| | | | |
|---|---|---|---|
| anonfiles-proxy.com | pastehub.net | intelx.org | breach.cat |
| apinotes.com | path-sucks.com | nathanlarson.org | breached.cat |
| asdfadfasdfasdfsadfsf.com | pounce.net | p0ison.org | skid.cat |
| badhou3a.com | pouncefiles.com | pagodahost.org | breach.co |
| bgpservices.net | pouncefiles.net | path-sucks.org | raidforums.co |

| | | | |
|---|---|---|---|
| breachedforums.com | pastehub.to | plain-text.org | pompompur.in |
| databreach.to | raid-forums.com | poncefiles.org | pompur.in |
| breachforum.com | raidforums1.com | prankcalling.org | cyberkittens.one |
| breachforums.net | raidforums2.com | scriptsubmit.org | breach.re |
| compupix.com | raidforums3.com | Skidbin.org | image.yt |
| coreyshiratori.com | raidforums4.com | try-harder-idiot.org | breach.cx |
| corey-shiratori.com | raidforums5.com | abuse.today | breached.cx |
| ddosed.net | scamforums.net | as36231.info | doxing.me |
| djtroia.com | scammerforums.net | breach.market | socials.sh |
| doxagram.com | scotttrentcosta.com | breached.io | breached.mu |
| duhaa.net | scriptsubmit.com | clubhydra.io | breached.is |
| ejaculated.net | scriptsubmit.net | cracke.io | breachbase.pw |
| emusun.net | simswapper.com | wli.design | databases.pw |
| encrypteddisk.net | sitespecs.net | hydramarket.io | breachforu.ms |
| h0rizon.net | skidbin.net | minikloon.info | bf.hn |
| hammercdn.com | skidforums.cc | moneymn.club | ee.hn |
| he0.net | squidproxy.net | og.money | xx.hn |
| hostbunker.net | storagehost.net | opensc.io | bf.sb |
| infomonitor.net | sysnode.net | predator.wtf | f.sb |
| intelx.com | thekilob.com | subnet.info | breached.st |
| lowendhosting.com | torrentseedbox.com | breached.vc | bf.gl |
| luidb.net | uncongested.net | domain king-hack.xyz | vv.gl |
| lxvm.net | unixvps.net | breached.to | servers.lc |
| xboxcommunityforum.com | valid4you.com | breachedforums.to | pagodahost.net |
| nononononononononon ononononononono.com | vucu.net | breachforums.to | ghostforums.org |
| pagodahost.com | breachforums.org | clubhydra.to | cracke.to |

    d.  The following computers and electronic media, further representing the gross

proceeds and instrumentalities of the offense alleged in this Information:

| The Electronic Media (includes associated accessories) Seized by FBI Pursuant to Warrant to Search Fitzpatrick's Residence | |
|---|---|
| Model/Description | Unique Identifier |
| Amazon Basics Hard Drive Enclosure containing hard drive | Serial No. ZFL2ZOF3 |
| (White) Amazon Tablet – Model SR87CV | |
| Western Digital Hard Drive | Serial No. WCAMK3260602 |
| iPhone 7+ – Model A1661 | Serial No. FUX34UBHG00 |
| 32 GB SanDisk Ultra Plus (Micro SD) | |
| (Black) iPhone7+ – Model a1661 | IMEI 359472086340034 |
| 8GB SanDisk SD Card | Serial No. B11327622891D |

| | |
|---|---|
| (Black) Samsung Galaxy J3 Eclipse | IMEI 356351087426430 |
| (Black) Verizon 4G LTE Jetpack | IMEI 358227057561844 |
| Western Digital Hard Drive | Serial No. WMA2N |
| (Black) Verizon Inseego MiFi | |
| (Silver/Grey) Panasonic Camera – Model VDR-D100 | Serial No. 161A13238 |
| 2GB Scandisk SD Card | Serial No. BE1216721860D |
| (Silver) Dell Inspiron 5593 Laptop Computer | Serial No. B2W9723 |
| Inateck Hard Drive enclosure with Seagate Hard Drive | Serial No. ZOZHT3N9 |
| (Black) Amazon Tablet (cracked) | |
| Toshiba lap top hard drive labeled 'First lap top hard drive' | |
| (Grey) Apple Watch Series 3 | |
| (Black) Max One USB Hard Drive | |
| Seagate Hard Drive (and associated enclosure) | Serial No. ZDEKN468 |
| Black Samsung Phone | IMEI 357111201450032 |
| Silver iPhone Model A1688 (damaged) | IMEI 353801083787055 |

Pursuant to 21 U.S.C. § 853(p), the defendant shall forfeit substitute property, if, by any act or omission of the defendant, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

Pursuant to Federal Rule of Criminal Procedure 32.2(a), upon conviction of any Count Three of this Information, the defendant shall forfeit to the United States: (1) any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260, and any matter that contains any such visual depiction, which was produced, transported, mailed, shipped, and received in violation of this chapter; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; (3) any property, real or personal, used or intended to be used to commit or to promote the commission of the offense, and any property traceable to such property. This property includes, but is not limited to:

a.  Dell Inspiron 5593 laptop computer (service tag number B2W9723); and

b.  Samsung 870 QVO 4TB solid state drive (SN S5VYNJ0T405292K).

(All in accordance with Title 18, United States Code, Section 982(a)(2)(B), Title 18, United States Code, Section 1029(c)(1)(C), and Federal Rule of Criminal Procedure 32.2).


Jessica D. Aber
United States Attorney

Kenneth A. Polite, Jr.
Assistant Attorney General, Criminal Division

Date: July 10, 2023                          By:  *Lauren Halper*

Lauren Halper
Assistant United States Attorney

Aarash A. Haghighat
Senior Counsel
Computer Crime and Intellectual Property Section
U.S. Department of Justice, Criminal Division.

AO 245B (Rev. 09/19) (VAE 6/3)    Judgment in a Criminal Case
                                  Sheet 1

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| | ) | |
| v. | ) | Case Number:  1:23-cr-00119-LMB-1 |
| | ) | |
| CONOR BRIAN FITZPATRICK, | ) | USM Number:  49364-510 |
| | ) | Nina Ginsberg and Peter Katz, Esquires |
| a/k/a "Pompompurin" | ) | Defendant's Attorney |
| | ) | |

The defendant pleaded guilty to Counts 1, 2, and 3 of the Criminal Information.

The defendant is adjudged guilty of:

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1029(b) and 3559(g)(1) | Conspiracy to Commit Access Device Fraud | 03/15/2023 | 1 |
| 18 U.S.C. § 1029(a)(6) | Solicitation for the Purpose of Offering Access Devices | 07/06/2022 | 2 |
| 18 U.S.C. § 2252(a)(4)(B) and (b)(2) | Possession of Child Pornography | 03/15/2023 | 3 |

The defendant is sentenced as provided in pages 2 through 9 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

January 19, 2024
Date of Imposition of Judgment

/s/ _____

Leonie M. Brinkema
United States District Judge

January 19, 2024
Date

AO 245B (Rev. 09/19) (VAE 6/3) Judgment in a Criminal Case
     Sheet 2 - Imprisonment

| Case Number: | 1:23-cr-00119-LMB-1 |
|---|---|
| Defendant's Name: | FITZPATRICK, CONOR BRIAN |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of time-served on each of Counts 1, 2 and 3 and to be served concurrently with each other.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to_____
at_____, with a certified copy of this Judgment.

 

                                             UNITED STATES MARSHAL

By                   _____

                                             DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19) (VAE 6/3) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Page 3 of 9

| | |
|---|---|
| **Case Number:** | 1:23-cr-00119-LMB-1 |
| **Defendant's Name:** | FITZPATRICK, CONOR BRIAN |

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of THREE (3) YEARS as to each of Counts 1, 2 and a term of TWENTY (20) YEARS as to Count 3, all terms to run concurrently with each other.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance, which includes marijuana. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case 1:23-cr-00119-LMB Document 93 Filed 02/15/24 Page 26 of 91 PageID# 660
AO 245B (Rev. 09/19) (VAE 6/3) Judgment in a Criminal Case
Sheet 3 – Supervised Release
Page 4 of 9

| Case Number: | 1:23-cr-00119-LMB-1 |
|---|---|
| Defendant's Name: | FITZPATRICK, CONOR BRIAN |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov

Defendant's Signature _____ Date _____

| | |
|---|---|
| Case Number: | 1:23-cr-00119-LMB-1 |
| Defendant's Name: | FITZPATRICK, CONOR BRIAN |

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall serve his first two (2) years of supervised release on HOME ARREST with GPS location monitoring with the following outings and permission given in advance by the probation officer: Therapy sessions, meetings with the probation officer, medical appointments, and religious observances.

2) The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the court, upon the recommendation of the probation officer.

3) The defendant shall provide the probation officer access to any requested financial information.

4) The defendant shall submit to periodic polygraph testing at the discretion of the probation officer to ensure compliance with the requirements of the defendant's supervision and/or treatment program. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

5) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation and sex offender treatment. The costs of these programs are to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

6) The defendant shall not view or possess any "visual depiction" of any "sexually explicit conduct" (as both terms are defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means.

7) The defendant shall not view or possess any "visual depiction" of any "sexually explicit conduct" (as both terms are defined in 18 U.S.C. § 2256) involving a juvenile, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means.

8) The defendant shall not have any intentional contact with any child under the age of 18, except for his brother, Brendan Fitzpatrick, unless accompanied by a responsible adult who is aware of the defendant's conviction and supervision status and who has been approved in advance by the court or probation officer. Intentional contact includes, but is not limited to, physical contact, verbal communication, written communication, and/or electronic communication such as e-mail. Intentional contact also includes going to, congregating and/or loitering within 100 yards around school yards, playgrounds, swimming pools, arcades, zoos, or other places frequented by children under the age of 18. Intentional contact also encompasses any employment that would regularly provide the defendant with access to children under the age of 18, such as working in schools, childcare facilities, amusement parks and playgrounds. Incidental contact with children under the age of 18 includes, but is not limited to, unavoidable interactions in public places such as grocery stores, department stores, restaurants, etc.

9) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

Case Number:      1:23-cr-00119-LMB-1
Defendant's Name:  FITZPATRICK, CONOR BRIAN

10) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit their person, property, house, residence vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

11) The defendant shall disclose to the probation office all computers as defined in 18 U.S.C. § 1030(e)(1), and similar devices that provide access to the Internet, that the defendant owns, possesses, or uses. The defendant shall not possess or use any computer or similar device, which includes use of computers at work, unless the defendant cooperates with the probation office's computer monitoring program or receives permission from the probation office. The defendant shall permit random, unannounced inspections on any unmonitored computer or similar device under the defendant's control to ensure compliance. The defendant shall not use the Internet to communicate with any individual or group who promotes sexual abuse of children.

12) The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses. The costs of monitoring shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant seeks to use. The defendant shall submit to a search of all computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media. The defendant shall warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner. To ensure compliance with computer monitoring or supervision conditions, the defendant shall submit any records requested by the probation officer to verify compliance with the defendant's conditions including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

13) The defendant shall, at the direction of the probation officer, notify his employer of: (1) the nature of his/her conviction; and (2) the fact that the defendant's conviction, related conduct, or prior criminal history was facilitated by the use of a computer and/or Internet. The defendant's employment shall be approved in advance by Probation and the Probation Office shall confirm the defendant's compliance with this notification requirement and possible Internet monitoring of his/her computer at employment.

14) The defendant shall not have any access to the internet within the first year of his supervised release. After

AO 245B (Rev. 09/19) (VAE 6/3) Judgment in a Criminal Case
Sheet 3A – Supervised Release

| Case Number: | 1:23-cr-00119-LMB-1 |
|---|---|
| Defendant's Name: | FITZPATRICK, CONOR BRIAN |

that year the defendant shall not sell or offer to sell any item on the internet for another person or entity without pre-approval and authorization from the court or probation officer. This includes, but is not limited to, selling items on internet auction sites.

AO 245B (Rev. 09/19) (VAE 6/3) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

| | |
|---|---|
| Case Number: | 1:23-cr-00119-LMB-1 |
| Defendant's Name: | FITZPATRICK, CONOR BRIAN |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** |
|---|---|---|
| **TOTALS** | $ 300.00 | $ TBD |

☒ Restitution to be determined at a later date.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.
    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Payments of Restitution are to be made payable to the Clerk, United States District Court, Eastern District of Virginia.**

AO 245B (Rev. 09/19) (VAE 6/3) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

| Case Number: | 1:23-cr-00119-LMB-1 |
|---|---|
| Defendant's Name: | FITZPATRICK, CONOR BRIAN |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒     Lump sum payment of $300.00 due within ninety (90) days.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.